**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>  v.<br><br>GENARO FEDERICO RUBIO-RIOS,<br><br>              Defendant - Appellant. | No.  15-10213<br><br>D.C. No. 2:14-cr-01627-PHX-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 10, 2016[**]
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,[***] District Judge.

---

  [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***]     The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

Genaro Federico Rubio-Rios appeals the denial of his motion for an extension of time to file a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Defendant argues that the district court abused its discretion when denying Defendant's motion because of the plea agreement's appellate waiver, as opposed to either of the applicable standards under Federal Rule of Appellate Procedure 4(b)(4). We review for abuse of discretion. *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc). "In assessing whether a district court abused its discretion, we first 'determine de novo whether the trial court identified the correct legal rule to apply to the relief requested.'" *United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)), *cert. denied*, 136 S. Ct. 2005 (2016). Under Rule 4(b)(4),

> [u]pon a finding of excusable neglect or good cause, the district court may–before or after the time has expired, with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). As the district court applied the incorrect legal standard when denying Defendant's motion, the district court abused its discretion.

2

2. When a district court errs, "a defendant must still prove that the error or defect was prejudicial." *Torres*, 794 F.3d at 1061. The district court's error was harmless, as Defendant cannot satisfy either standard under Rule 4(b)(4).

"An analysis of 'excusable neglect' generally requires a court to analyze the four factors set out by the Supreme Court." *See United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). These factors include danger of prejudice, length of the delay and its potential impact on judicial proceedings, reason for the delay, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. Alternatively, "'[g]ood cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

Defendant fails to satisfy either standard. In his motion, Defendant noted that "personal family problems had overshadowed his thoughts and prevented him from thinking clearly but that upon clear reflection, he now knows that he wishes to pursue an appeal." According to Defendant, he changed his mind after thinking about his case. Such a change of heart is insufficient to demonstrate either excusable neglect or good cause for Defendant's delay.

**AFFIRMED.**

3